UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| LISA A. LUCAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-349-TLS |
| JP MORGAN CHASE BANK, N.A., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On August 31, 2012, the Plaintiff, Lisa A. Lucas, filed a *pro se* Complaint entitled Declaratory Judgment for Verification of Debt [ECF No. 1]. In her Complaint, the Plaintiff alleged, generally, that the Defendant, JP Morgan Chase Bank, N.A., is wrongfully attempting to enforce a promissory note. The Plaintiff therefore requested a declaratory judgment compelling the Defendant to produce proof of its claim to the note. The Defendant responded on October 5 with a Motion to Dismiss [ECF No. 7], in which it argued that the Court must dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. For the reasons discussed below, the Court agrees.

## BACKGROUND

On August 9, 2010, the Defendant filed a complaint for mortgage foreclosure in Lake Superior Court, Lake County, Indiana, seeking to foreclose against the Plaintiff's property in Merrillville, Indiana. The Plaintiff did not answer or otherwise defend in that action, and on December 6, 2011, the court entered a Default Judgment and Decree of Foreclosure [ECF No. 8-7] against the Plaintiff and in favor of the Defendant. Meanwhile, on September 9, 2011, the Plaintiff filed a complaint in Lake Superior Court alleging breach of contract, gross negligence,

intentional violation of the duty of good faith, wrongful foreclosure, abuse of process, violations of the Truth in Lending Act, and violations of real estate and settlement procedures, all against the Defendant. The Defendant moved to dismiss the complaint in October 2011, and the Lake Superior Court finally dismissed the case with prejudice in February 2012 when the Plaintiff appeared in person to argue her case. (*See* Order, ECF No. 8-4.) Although the Lake Superior Court included no analysis in its Order, the Defendant states that the case "was dismissed, in large part, pursuant to *res judicata* based on" the prior entry of foreclosure. (Def.'s Br. in Supp. of Mot. to Dismiss 3, ECF No. 8.)

The Plaintiff filed her present case with this Court on August 31, 2012. Her Complaint relates to a $100,000 promissory note and mortgage executed by the Plaintiff on October 8, 2002, and securing her property in Merrillville, Indiana. The Plaintiff originally signed the note to GN Mortgage Corporation, but it appears that GN Mortgage Corporation later assigned the note to the Defendant. (*See* Assignment of Mortgage, ECF No. 1 at 22.) The Plaintiff requests that the Court order the Defendant to produce the original document assigning GN Mortgage Corporation's interest to the Defendant. The Defendant filed its Motion to Dismiss [ECF No. 7] on October 5, 2012, arguing that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because to award relief in the Plaintiff's favor the Court would have to review and reverse the two underlying Lake Superior Court judgments. The Plaintiff did not file a response, and the time in which to do so has expired.

**DISCUSSION**

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Id.* (citing *Exxon Mobil Corp.*, 544 U.S. at 284). The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Gilbert*, 591 F.3d at 900 (quotation marks omitted). In essence, the doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker-Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." *Id.* (quoting *Taylor*, 374 F.3d at 533). Although the Seventh Circuit has described the inextricably intertwined inquiry as "a somewhat metaphysical concept," a district court must determine whether it "is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533 (quotation marks omitted). If a court finds that a new cause of action is inextricably intertwined with the prior state court action, the *Rooker-Feldman* doctrine will only bar the new federal case if the plaintiff had "a reasonable opportunity to raise [the new federal claim] in state court proceedings." *Brown*, 668 F.3d at 442 (quoting *Brokaw v. Weaver*, 305 F.3d 660, 667 (7th Cir. 2002)).

3

In this case, the Plaintiff's Complaint runs afoul of the *Rooker-Feldman* doctrine. It appears that the Plaintiff filed this federal case after the Lake Superior Court entered foreclosure against her in the first instance, and dismissed her challenges to that foreclosure in the second case. She now requests this Court to review—and, in effect, undo—these two judgments from Indiana state courts. The Court has no jurisdiction to do what she asks.

Because the Lake Superior Court in the first action implicitly determined that the Defendant was able to enforce the promissary note at issue, the Complaint appears to be a direct challenge to the Lake Superior Court's Default Judgment and Decree of Foreclosure. Further, the Lake Superior Court in the second action dismissed the Plaintiff's claim for wrongful foreclosure, suggesting that the Complaint is also a direct challenge to the state court decision in that action. The Plaintiff does not actually request this Court to overturn either Lake Superior Court decision. However, the Court finds that her Complaint is inextricably intertwined with the previous state court judgments because it is "in essence" a request that this Court "review the state-court decision[s]." *Brown*, 668 F.3d at 442. Moreover, the Court finds that the Plaintiff had opportunity to bring the claims in her Complaint as part of the foreclosure action or as part of her second state court filing. Therefore, the *Rooker-Feldman* doctrine divests this Court of jurisdiction to hear the claim in her Complaint.

**CONCLUSION**

For the reasons discussed, the Court GRANTS the Motion to Dismiss [ECF No. 7] and DISMISSES WITHOUT PREJUDICE[1] the Plaintiff's Complaint entitled Declaratory Judgment for Verification of Debt [ECF No. 1].

SO ORDERED on March 11, 2013.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[1] "A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice." *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).